AYRES, Judge.
This is an action in tort wherein plaintiff seeks to recover damages to its taxicab, a 1958 model Chevrolet, resulting from a collision occurring about 12:00 o’clock noon May 25, 1958, at the intersection of Stoner Avenue and Creswell Street in the City of Shreveport and wherein, by reconventional demand, defendant seeks to recover damages sustained to his automobile.
The taxicab was proceeding west on Stoner. Defendant’s 1953 model Ford, operated and driven at the time by his wife, Mrs. Aline Schofner, was proceeding north on Creswell. This street and avenue intersect at right angles and the traffic is controlled by a .regular traffic semaphore signal.
Negligence charged to Mrs. Schofner consists of running a red light and in operating her vehicle at an excessive speed and without proper brakes. Negligence on her part is denied by defendant, who alleges that the sole cause of the accident was the fault of plaintiff’s driver in failing to keep a proper lookout or to keep his vehicle under control, in traveling at an excessive rate of speed and in running a red light.
The trial court concluded from the evidence that plaintiff’s driver entered the intersection on a green or favorable light and that, whereas defendant’s driver had approached the intersection with a favorable light, the signal changed prior to her entrance into the intersection, probably without her making any observation of the change. Judgment was rendered in plaintiff’s favor. Defendant’s reconventional demands were, therefore, rejected. From the judgment defendant appealed.
The issue tendered on this appeal is purely factual and depends upon the resolution of the charges and counter-charges of negligence as between the parties. It may be first pointed out there is no convincing evidence upon which it could be concluded that either party was driving at an excessive speed. Nor is it necessary to determine whether defendant’s Ford was being operated with improper brakes. In this .regard it may be observed that the traffic officer, in making an investigation of the accident, was told, according to his testimony, by Mrs. Schofner that prior to the impact she put on her brakes but that they would not hold, and that he was told by Russell Dowden, a passenger in her car, who soon thereafter married defendant’s daughter, that the brakes had been bad for some time and had to be "pumped” to make them work. The officer’s testimony was denied by Mrs. Schofner and Dowden, and in support of the position taken that the brakes were in good operating condition, the mechanic who .repaired the car testified that the brakes were in that condition following the accident.
The driver of plaintiff’s car testified that as he proceeded west on Stoner Avenue, when about 25 or 30 feet distant from the intersection with Creswell Street, the traffic control light changed from red to green, whereupon he proceeded into the intersection, where he was struck by defendant’s vehicle, driven into the intersection against a red light. Mrs. Schofner testified that when her car was 15 or 20 feet distance from the curb line of Stoner Avenue she saw plaintiff’s cab already in the intersection.
The testimony of plaintiff’s driver is corroborated in all material aspects by the testimony of one E. D. Brister, who was following the taxi by some 50 to 75 feet to the rear. There is, however, a violent conflict between the testimony of these two witnesses and that of one Constance Coleman, a passenger in the cab, and defendant’s wife and the several young people who were passengers in her car. The trial court obviously disbelieved the testimony of defendant’s witnesses. Their stories are incredible and are refuted not only by the testimony of plaintiff’s witnesses but by the physical facts and circumstances as *332 well. That the cab was traveling SO to 55 miles per hour as testified by them is clearly incorrect in view of the slight damage done to the cars and in view of the fact that the taxi came to a stop almost immediately upon the impact. Moreover, defendant’s car was occupied by his wife and three other adults on the front seat and four children on the rear seat. It would, therefore, appear doubtful if any of them actually saw the approach of the taxi or were in any position to make any evaluation of the situation. Plaintiff's position is further supported by the testimony of Officer Jacobs, who made an investigation of j the accident.
The evidence, in our opinion, clearly supports the conclusion reached by the trial court and its finding that Mrs. Shof-ner’s negligence in running the red light constituted the proximate cause of the accident. There is, at least, no manifest error in His Honor’s findings of fact.
Accordingly, the judgment appealed should be and it is hereby affirmed at appellant’s cost.
Affirmed.